## Case No. 6,684.

### In re HOPKINS.

[18 N. B. R. 396; 26 Pittsb. Leg. J. 120.] 1

District Court, S. D. New York. June 19, 1878.

BANKRUPTCY—PETITION—FRAUD—RIGHTS OF CREDITORS AT LARGE.

While a creditor at large cannot intervene to contest an adjudication, he may very properly make a suggestion of suspicious circumstances, upon which the court will direct an inquiry to ascertain whether the petition is not collusively and fraudulently prosecuted.

[Cited in Re Lawrence, Case No. 8,133.]

[In bankruptcy. In the matter of Sidney W. Hopkins.]

W. B. Hornblower, for moving creditors.
G. H. Forster, for petitioning creditors.

CHOATE, District Judge. A petition by creditors praying for an adjudication of bankruptcy against said Hopkins was filed and an order to show cause thereon issued May 21, returnable June 1, 1878. The petition alleges that the petitioners constitute "at least one-fourth in number of the creditors" and that the aggregate of their provable debts "amount to at least one-third of

1 [Reprinted from 18 N. B. R. 396, by permission. 26 Pittsb. Leg. J. 120, contains only a partial report.]

the debts so provable." The act of bankruptcy alleged is the suspension of and failure to resume payment within forty days of the debtor's commercial paper, "made or passed in the course of his business as a merchant or trader," and the suspended paper is specified as a note dated Nov. 1, 1877, for one thousand and twenty-two dollars and eighty-nine cents, payable to Byerson and Brown. Upon the return day the debtor made default. Thereupon certain creditors of Hopkins, not being petitioning creditors, move for leave to intervene and file an answer to the petition, in which they allege that they have no information as to whether the petitioning creditors constitute one-fourth in number and one-third in amount of all the creditors, and they therefore deny the same. They also deny, on information and belief, that Hopkins was at any time a merchant or trader, and especially that he had carried on any business as a merchant or trader within the last four years. They deny the act of bankruptcy in that the note described in the petition was not made or passed in the course of the business of said Hopkins as a merchant or trader, and they allege that it was given for a livery-stable bill, not in the course of his business, but for his own personal uses. They allege, on information and belief, that the petition was filed collusively in the interest of the alleged bankrupt, and that several of the petitioners are his relatives and friends.

The creditors moving to intervene show no interest other than that of creditors-at-large, except that prior to the filing of the petition they had commenced an action on their claim, and that since the filing of the petition they have proceeded with the action to judgment. It is settled as the rule in this district, by repeated decisions of Judge Blatchford, that a creditor-at-large, having no special interest to protect, is not entitled to intervene, as matter of right, to contest the adjudication with the petitioning creditors. I adhere to that rule as already established. And these moving creditors do not show any such special interest as gives them the right to intervene. They had not acquired a lien or equitable right in any property of the debtor at the time of the filing of the petition. They have gone on with their suit and perfected their judgment, but since the filing of the petition they cannot acquire any lien on the property by levy or execution. The court, however, is required, upon the return of the order to show cause to be satisfied that the petitioners are entitled to an adjudication, and it has been held that the court should in a suspicious case, either of its own motion or upon the suggestion of any party in interest, direct an inquiry, in order to ascertain whether the petition is not collusively and fraudulently prosecuted for the purpose of obtaining, by false averments as to the facts, a decree to which under the law the

parties are not entitled. Such a suggestion may very properly be made by a creditor. In this case the fact that the debtor has made default, the alleged fact that several of the petitioners are his near relatives, and the fact, alleged upon information and belief, that he has never been a merchant or trader, do afford a reasonable ground for the suspicion that the petition is not filed in good faith, and that the petitioners may not be entitled to the adjudication. While, therefore, the right of the moving creditors to answer must be denied, the court, upon the suggestion of the matters contained in the moving papers, of its own motion directs a reference of the petition to the clerk to take proof of the matters alleged in the petition upon notice to the debtor and to the moving creditors.